United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONA NAJAFI, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>MICHAEL R. POMPEO, et al.,<br>　　　　Defendants. | Case No. 19-cv-05782-KAW<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 12 |

On September 15, 2019, Plaintiffs filed the instant action against Defendants, alleging that Defendants were improperly withholding adjudications of case-by-case waivers under Presidential Proclamation 9645, Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats ("PP 9645"). (Compl. ¶ 1, Dkt. No. 1.) PP 9645 prohibits the entry of all immigrants and certain non-immigrants for nationals of Iran, Libya, Somalia, Syria, and Yemen, but provides for case-by-case waivers from the ban. (Compl. ¶ 4.) Plaintiffs, however, assert that Defendants' policies, decisions, and actions in implementing PP 9645 have unreasonably delayed the adjudication of waivers. (Compl. ¶ 6.) For example, Plaintiffs allege that Defendants have required approval of case-by-case waiver adjudications by consular managers, visa chiefs, and consular section chiefs, and that authority for such a designation is not provided for in PP 9645. (Compl. ¶¶ 8-9.) Based on these alleged violations, Plaintiffs bring claims under the Administrative Procedure Act ("APA"), as well as for deprivation of procedural due process. (Compl. ¶¶ 169, 176, 195.)

Pending before the Court is Plaintiffs' motion for expedited discovery. (Pls.' Mot. for Discovery, Dkt. No. 12.) Plaintiffs seek to propound twenty-five interrogatories, which seek information on what is still needed to determine that each individual Plaintiff is not a threat to the

national security or public safety of the United States, and whether Defendants have used a new enhanced automated screening and vetting process for that individual's PP 9645 waiver adjudication.[1] (*See Id.*, Exh. A ("Proposed Interrogatories").) On October 17, 2019, Defendants filed their opposition. (Defs.' Opp'n, Dkt. No. 20.) On October 18, 2019, Plaintiffs filed their reply. (Pls.' Reply, Dkt. No. 21.)

Having considered the parties' filings and the relevant legal authority, the Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and GRANTS Plaintiffs' motion for expedited discovery.

## I. LEGAL STANDARD

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404-BLF, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 276. Factors commonly considered by the courts include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-1846-LHK, 2011 U.S. Dist. LEXIS 53233, at *4 (N.D. Cal. May 18, 2011).

---

[1] The enhanced automated screening and vetting process was implemented around July 2019, and is designed "to determine whether any additional review is required related to determin[ing] whether the applicant has satisfied the national security and public safety waiver criterion . . . ." (Compl. ¶ 154.) The automated system is expected to "significantly increase the speed and efficiency of the vetting process for both current and future waiver cases while maintaining all security standards." (Compl. ¶ 155 (internal quotation).) It is limited, however, to "current and future waiver cases." (Compl. ¶155.)

2

## II. DISCUSSION

### A. Cognizable Claim

As an initial matter, in opposing Plaintiffs' motion for expedited discovery, Defendants argue that Plaintiffs lack a cognizable claim. (Defs.' Opp'n at 4.) First, Defendants contend that Plaintiffs cannot seek review of PP 9645 because it is a presidential action not subject to APA review. (*Id.* at 5.) In general, "[a]s the APA does not expressly allow review of the President's actions, we must presume that his actions are not subject to its requirements." *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992). The Ninth Circuit, however, has found that "under certain circumstances, Executive Orders, with specific statutory foundation, are treated as agency action and reviewed under the [APA]." *City of Carmel-by-the-Sea v. United States Dep't of Transp.*, 123 F.3d 1142, 1166 (9th Cir. 1997). Thus, "an executive order or presidential proclamation may also be subject to judicial review under the APA and treated as agency action when the order or proclamation 'rests upon statute.'" *W. Watersheds Project v. Bureau of Land Mgmt.*, 629 F. Supp. 2d 951, 965 (D. Ariz. 2009) (quoting *Legal Aid Soc'y v. Brennan*, 608 F.2d 1319, 1330 n.15 (9th Cir. 1979).

Here, PP 9645 was issued pursuant to INA § 212(f), 8 U.S.C. §1182. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2408 (2018) (finding that PP 9645 was a lawful exercise of the discretion granted by § 1182). Further, as the instant case concerns the implementation of PP 9645, rather than the legality of PP 9645 itself, Defendants' actions are reviewable under the APA. *Hawaii v. Trump*, 878 F.3d 662, 680-81 (9th Cir. 2017) ("because these agencies have consummated their implementation of the Proclamation, from which legal consequences will flow, their actions are 'final' and therefore reviewable under the APA"), *rev'd and remanded on other grounds by Trump v. Hawaii*, 138 S. Ct. 2392.

Second, to the extent Defendants argue that PP 9645 is nonreviewable because the decision to grant or deny a visa or waiver is a matter of agency discretion, Plaintiffs are not challenging the waiver decisions. (Defs.' Opp'n at 5-7; Pls.' Reply at 1.) Indeed, a decision has *not* been issued in these cases. Rather, Plaintiffs are challenging the *implementation* of the PP 9645, which is a separate issue.

3

1          Finally, Defendants contend that Plaintiffs' APA claim fails because it lacks plausibility.

2   (Defs.' Opp'n at 7.) Plaintiffs argue that the delay in the adjudication of their waivers "is due to

3   State officials unlawfully usurping the consular officers' discretion to grant or deny Proclamation

4   waivers," whereas Defendants respond that this claim "is unsupported by the text of the

5   Proclamation, does not reflect the reality of the waiver process, and flies in the face of common

6   sense." (*Id.*) Defendants also argue there is no unreasonable delay at this point. (*Id.* at 8-9.)

7   These are factual questions that are not appropriately decided at this juncture.

8          Accordingly, the Court cannot at this time find that Plaintiffs have no cognizable claim.

### B.     Good Cause

The Court finds that Plaintiffs have demonstrated good cause for expedited discovery.

First, there is a pending motion for a preliminary injunction. "Good cause for expedited discovery is frequently found . . . in cases where the plaintiff seeks a preliminary injunction." *AF Holdings LLC v. Doe*, No. 2:12-cv-2207 KJM DAD, 2012 U.S. Dist. LEXIS 178961, at *3 (E.D. Cal. Dec. 17, 2012). As Plaintiffs concede, however, this factor alone does not warrant expedited discovery. (*See* Pls.' Mot. at 9.)

Second, the Court finds that the discovery requests are limited to twenty-five interrogatories focused on what information is still required for Defendants to determine whether each Plaintiff's entry would pose a threat to national or public safety, as well as whether the new automated screening and vetting system is being used for these Plaintiffs.

Third, the Court finds that Plaintiffs have demonstrated a need for the expedited discovery. While Defendants suggest that such information is not relevant to establishing delay, the reason *for* the delay is relevant to determining whether any delay is reasonable. (*See* Defs.' Opp'n at 11.) For example, if no further information is necessary to make a determination, then any further delay may be unwarranted, particularly if it is due to the allegedly improper implementation of PP 9645.

Finally, the Court finds that Defendants will have some burden in complying with the requests, but that this burden does not outweigh Plaintiffs' need for the discovery. Defendants contend that the discovery requests will require Defendants to identify the complete universe of

4

information that they consider in the course of their security reviews. (*See* Defs.' Opp'n at 14.) This will also require Defendants to map out the interagency national security investigative processes, standards, and considerations that go into waiver adjudications. (*Id.*) Plaintiffs, however, do not ask for the processes, standards, or considerations; they ask only what information is *still* required to make Defendants' national security determinations. This is a far narrower, more discrete request than Defendants contend.

Accordingly, the Court finds that Plaintiffs have established good cause for the expedited discovery requested.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' request for expedited discovery. Defendants shall provide the requested discovery within **fourteen days** of the date of this order.

In light of this order, if the parties require additional extensions to the briefing schedule, the parties should promptly stipulate. The Court will not grant any extension that moves the reply deadline to less than two weeks before the hearing date.

IT IS SO ORDERED.

Dated: October 23, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge