UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONA NAJAFI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, et al.,<br><br>    Defendants. | Case No. 19-cv-05782-KAW<br><br>**ORDER REGARDING DISCOVERY LETTER; DENYING REQUEST FOR RULE 26(F) CONFERENCE**<br><br>Re: Dkt. Nos. 36, 44 |

On September 15, 2019, Plaintiffs filed the instant case against Defendants, challenging Defendants' alleged withholding of adjudications of case-by-case waivers of Presidential Proclamation 9645 ("PP9645"). (Compl. ¶ 1, Dkt. No. 1.) PP 9645 prohibits the entry of immigrants and non-immigrants from Iran and other countries, but permits consular officers to grant waivers under certain circumstances.

Pending before the Court are: (1) a November 27, 2019 discovery letter regarding Plaintiffs' interrogatories, and (2) Plaintiffs' January 3, 2020 request for a Rule 26(f) case management conference. (Discovery Letter, Dkt. No. 36; Pls.' Rule 26(f) Mot., Dkt. No. 44.)

**A.    Discovery Letter**

Each interrogatory concerns the information needed to determine whether a Beneficiary Plaintiff's entry would not pose a threat to national security or public safety of the United States. (Discovery Letter at 2.) The Court finds that Defendants have sufficiently responded to the interrogatories at this point.

First, Plaintiffs challenge the responses to Interrogatory Nos. 12 and 22, in which Defendants listed the specific information that the consular officer previously requested of each Beneficiary Plaintiff. (Discovery Letter at 3.) Plaintiffs fail to explain what more is needed.

Plaintiffs suggest that Defendants failed to "indicate, where, within the five steps consular officers must follow to adjudicate a waiver . . . that Plaintiffs' waiver adjudications are located." (*Id.*) As Defendants correctly point out, however, this information was not requested in the interrogatory, which asked for what specific information was still needed. (*See id.* at 5.) Therefore, the responses to Interrogatory Nos. 12 and 22 are sufficient. To the extent that Defendants have received information from the Beneficiary Plaintiffs after the November 4th responses were prepared, however, if Defendants require more information as a result of those responses, Defendants have an obligation to supplement their responses.

Second, Plaintiffs challenge the responses to Interrogatory Nos. 23-25, in which Defendants stated that the information required was listed in Interrogatory No. 22. This is because the Beneficiary Plaintiffs who are the subject of Interrogatory Nos. 23-25 are derivative applicants, whose waiver consideration is determined by that of the primary applicant who is the subject of Interrogatory No. 22. (Discovery Letter at 5.) As the response to Interrogatory No. 22 was sufficient, the Court finds these responses sufficient as well.

Third, Plaintiffs challenge the responses to Interrogatory Nos. 7, 9, 11, and 13, in which Defendants stated that no information is needed, although it is possible that a consular officer would determine further information was needed in the future. (Discovery Letter at 6.) It is not clear what further information is required; Defendants have stated that no information is needed, and thus have sufficiently responded to the interrogatory. If further information is needed in the future, Defendants should supplement their responses accordingly.

Finally, Plaintiffs challenge the responses to Interrogatory Nos. 1, 2, 3, 8, 16, 18, and 19, which state that no information is needed and that an enhanced automated interagency national security and law enforcement review is being undertaken. (Discovery Letter at 7.) As with the prior interrogatories, it is not clear what further response can be provided at this time.

Accordingly, the Court DENIES Plaintiffs' request to compel further responses to these specific interrogatories.

**B.     Request for a Rule 26(f) Case Management Conference**

Plaintiffs request a case management conference, pointing to recent events between the

United States District Court
Northern District of California

1  United States and Iran. (Pls.' Rule 26(f) Mot. at 1.) Plaintiffs also note that Defendants have yet
2  to file their motion to dismiss, although they acknowledge that Defendants had stated that they
3  intend to file their motion by January 16, 2020. (*Id.*) On January 16, 2020, Defendants filed their
4  motion to dismiss. (Dkt. No. 48.)

At a Rule 26(f) conference, the parties must make their Rule 26 disclosures and devise a proposed discovery plan, taking into consideration "the nature and basis of their claims and defenses . . . ." Fed. R. Civ. P. 26(f)(2). Here, however, the pleadings and scope of the specific claims are not settled, as Defendants have filed their motion to dismiss. *See Zavala v. Kruse-Western, Inc.*, Case No. 19-cv-239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (denying motion to compel a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear"); *Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (finding no good cause to require a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted"). Thus, the Court finds that a Rule 26(f) conference is premature, and DENIES Plaintiffs' request for a case management conference.

IT IS SO ORDERED.

Dated: January 17, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge