UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONA NAJAFI, et al., <br> Plaintiffs, <br> v. <br> MICHAEL R. POMPEO, et al., <br> Defendants. | Case No. 19-cv-05782-KAW <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 48 |

On September 15, 2019, Plaintiffs filed the instant suit against Defendants, challenging Defendants' alleged "withholding of adjudications of case-by-case waivers of Presidential Proclamation 9645, Enhancing Vetting Capabilities and Processes for Deterring Attempted Entry into the United States by Terrorists or Other Public-Safety Threats." (Compl. ¶ 1, Dkt. No. 1.)

Pending before the Court is Defendants' motion to dismiss. (Defs.' Mot. to Dismiss, Dkt. No. 48.) Having considered the parties' filings, the relevant legal authorities, and the arguments made at the March 5, 2020 motion hearing, the Court GRANTS Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiffs are U.S. citizens and lawful permanent residents ("Petitioner Plaintiffs") and their Iranian national relatives or fiancées who are visa applicants ("Beneficiary Plaintiffs"). (Compl. ¶ 2.) Beneficiary Plaintiffs have fulfilled the requirements to obtain family-based or fiancée-based visas, but their applications have been denied pursuant to Presidential Proclamation 9645 ("PP 9645"). (Compl. ¶ 3.)

PP 9645 prohibits the entry of immigrants and non-immigrants from Iran and other countries. PP 9645 § 2(b). PP 9645, however, provides: "a consular officer, or the Commissioner, United States Customs and Border Protection (CBP), or the Commissioner's designee, as

appropriate, may, in their discretion, grant waivers on a case-by-case basis to permit the entry of foreign nationals for whom entry is otherwise suspended or limited . . . ." *Id.* § 3(c). A waiver may be granted if the "foreign national demonstrates to the consular officer's or CBP official's satisfaction that: (A) denying entry would cause the foreign national undue hardship; (B) entry would not pose a threat to the national security or public safety of the United States; and (C) entry would be in the national interest." *Id.* § 3(c)(i).

Plaintiffs are individuals who a consular officer has proposed a waiver for, or whose eligibility for a waiver is being reviewed. Plaintiffs allege, however, that a group within the Department of State, known as the "PP 9645 Brain Trust," has "privately promulgated guidance on the waiver adjudication scheme that is inconsistent with" PP 9645. (Compl. ¶ 137.) Specifically, Plaintiffs assert that consular officers are required to seek the concurrence of the consular manager and the Visa Office. (Compl. ¶¶ 137, 147.) Plaintiffs contend that this requirement is at odds with PP 9645 because it "unlawfully extend[s] the authority and discretion that PP 9645 granted only with individual officers to: consular managers, visa chiefs, consular section chiefs, and/or consular management and the Visa Office." (Compl. ¶ 152.) Plaintiffs further allege that this "unnecessary usurpation of consular officer authority and discretion" causes irreparable injury to them, including waiting an unreasonable amount of time for waivers. (Compl. ¶¶ 153, 156.)

On September 15, 2019, Plaintiffs filed the instant complaint, asserting the following claims: (1) an Administrative Procedure Act ("APA") claim based on Defendants' failure to adjudicate waivers within a reasonable time; (2) an APA claim based on Defendants' failure to comply with PP 9645 because consular officer authority was usurped by requiring the concurrence of consular managers, visa chiefs, and the Visa Office for final waiver decisions; (3) a mandamus claim based on the unreasonable delay, the usurpation of consular officer authority, and the failure to develop guidance that gives individual consular officers the discretion that PP 9645 requires; and (4) a procedural due process claim. (Compl. at 40-49.) At the time the complaint was filed, Beneficiary Plaintiffs had waited an average of 501 days since their applications were refused

pursuant to PP 9645.[1] (Compl. ¶ 12.)

On September 26, 2019, Plaintiffs filed a motion for a preliminary injunction, seeking a mandatory injunction that Defendants adjudicate Beneficiary Plaintiffs' waiver requests within fifteen days. (Dkt. No. 9.) Plaintiffs' motion was based on the APA claims only. (*See id.* at 18-19.) On December 5, 2019, the Court denied Plaintiffs' motion. (Prelim. Inj. Order at 1, Dkt. No. 41.) The Court found that Plaintiffs had not established that their claim regarding timing was reviewable under the APA, but that Plaintiffs' claim based on the usurpation of consular officer authority was reviewable. (*Id.* at 8.) The Court, however, concluded that while the usurpation of consular officer authority claim was reviewable, Plaintiffs failed to connect that policy to any unreasonable delay. (*Id.* at 10.) Moreover, Plaintiffs failed to establish that any delay was unreasonable pursuant to the factors set out in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC* factors"). (*Id.* at 10-13.)

On January 16, 2020, Defendants filed the instant motion to dismiss. On January 27, 2020, Plaintiffs filed their opposition. (Pls.' Opp'n, Dkt. No. 52.) On February 6, 2020, Defendants filed their reply. (Defs.' Reply, Dkt. No. 55.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

---
[1] Since the filing of the complaint, several Beneficiary Plaintiffs have had their waivers granted. (*See* Dkt. Nos. 29, 43.) At the hearing, the parties stated there were three outstanding Beneficiary Plaintiffs.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. APA Claim Based on Unreasonable Delay

Defendants argue that Plaintiffs' APA claim based on unreasonable delay is not judicially reviewable. (Defs.' Mot. to Dismiss at 10.) As an initial matter, Defendants contend there is no enforceable right in PP 9645 itself because PP 9645 expressly states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." PP 9645 § 9(c).

Multiple courts have rejected this argument, explaining that Plaintiffs seek enforcement not through PP 9645, but through the APA. *E.g.*, *Darchini v. Pompeo*, Case No. SACV 19-1417

4

JVS (DFMx), 2019 WL 7195621, at *4 (C.D. Cal. Dec. 3, 2019); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1019 (N.D. Cal. 2019). Likewise, this Court previously found that PP 9645 is subject to judicial review. (Prelim. Inj. Order at 7.) While "the APA does not expressly allow review of the President's actions," the Ninth Circuit has found that "under certain circumstances, Executive Orders, with specific statutory foundation, are treated as agency action and reviewed under the APA." *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992); *City of Carmel-by-the-Sea v. United States Dep't of Transp.*, 123 F.3d 1142, 1166 (9th Cir. 1997). Because PP 9645 was issued pursuant to the Immigration and Nationality Act ("INA") § 212(f), 8 U.S.C. § 1182, it is subject to judicial review. (Prelim. Inj. Order at 7; *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2408 (2018); *Motaghedi v. Pompeo*, 19-cv-1466-LJO-SKO, 2020 WL 207155, at *6 (E.D. Cal. Jan. 7, 2020).

In the alternative, Defendants argue that this APA claim fails because there is no objective standard in PP 9645 regarding the timing of waiver adjudications. (Defs.' Mot. to Dismiss at 11-13.) The Court agrees. As explained in *City of Carmel-by-the-Sea*, executive orders are reviewable under the APA when they have "specific statutory foundation" and "law to apply," *i.e.* objective standards. 123 F.3d at 1166. With respect to timing, however, Plaintiffs fail to identify an objective standard within the executive order itself. Thus, this claim is not reviewable under the APA. *See Darchini*, 2019 WL 7195621, at *5.

Instead, Plaintiffs point to other cases which have found that PP 9645's lack of a timing requirement does not preclude review of an APA claim based on unreasonable delay. (Pls.' Opp'n at 7-8.) Those courts reasoned that "[t]he absence of any standard upon which to frame a timing requirement is not unusual in APA unreasonable delay cases," and that the courts could apply the *TRAC* factors. *Motaghedi v. Pompeo*, 19-cv-1466-LJO-SKO, 2020 WL 207155, at *6 (E.D. Cal. Jan. 7, 2020); *see also Thomas v. Pompeo*, 19-cv-1050 (ESH) 2020 WL 601788, at *6 (D.D.C. Feb. 7, 2020); *Moghaddam v. Pompeo*, -- F. Supp. 3d --, 2020 WL 364839, at *8 (D.D.C. Jan. 22, 2020). These cases, however, did not consider *City of Carmel-by-the-Sea*, which applies specifically to when an executive order is reviewable under the APA. *See City of Carmel-by-the-Sea*, 123 F.3d at 1166. Per the Ninth Circuit's guidance in *City of Carmel-by-the-Sea*, an executive order is not reviewable except under "certain circumstances," including that "there is

'law to apply.'" *Id.*; *see also W. Watersheds v. BLM*, 629 F. Supp. 2d 951, 962 (D. Ariz. 2009). Thus, while a typical APA claim based on agency actions taken pursuant to a statute may not require an objective standard, that does not appear to be the case for APA claims based on agency actions taken pursuant to an executive order.

In the alternative, Plaintiff argues that there is law to apply because other courts have "weighed in on the issue" of whether "180 days is an unreasonable amount of time for Defendants to delay a PP 9645 waiver adjudication." (Pls.' Opp'n at 10.) As *City of Carmel-by-the-Sea* makes clear, however, the executive order itself must set the objective standards. 123 F.3d at 1166.

Accordingly, the Court finds that because Plaintiffs have failed to identify an objective standard in PP 9645 as to timing, Plaintiffs' APA claim based on unreasonable delay must be dismissed with prejudice.

### B. APA Claim Based on Usurpation of Consular Officer Authority

Next, Defendants argue that Plaintiffs' APA claim based on usurpation of consular officer authority must be dismissed because Plaintiffs fail to state a claim. (Defs.' Mot. to Dismiss at 13.)

First, Defendants contend that "Plaintiffs have failed to plead with sufficiency facts connecting this alleged unlawful policy with unreasonable delay." (Defs.' Mot. to Dismiss at 14.) As Plaintiffs correctly point out, however, Plaintiffs' APA claim is premised on whether giving authority to non-consular officers is a violation of PP 9645, regardless of the injury it causes. (*See* Pls.' Opp'n at 13.) Thus, Plaintiffs need not plead a connection between the alleged usurpation of consular officer authority and delay in order to establish that Defendants' implementation of PP 9645 is unlawful. While the Court previously denied Plaintiffs' motion for a preliminary injunction because Plaintiffs failed to establish that connection, that was because Plaintiffs sought injunctive relief tied to such a delay. Here, at the pleading stage, Plaintiffs' claim does not require unreasonable delay in order to survive.

Plaintiffs, however, must plead an injury caused by the usurpation of consular officer authority in order to have standing to bring this claim. As alleged, however, Plaintiffs have not sufficiently established that connection. At the hearing, Plaintiffs pointed to declarations that had

been submitted in support of the prior motion for a preliminary injunction, but such information is not in the complaint. Accordingly, the Court dismisses this claim to allow Plaintiffs to plead injury sufficient to establish standing.

Additionally, Defendants contend that Plaintiffs fail to state a claim because requiring participation and concurrence from consular management is not contrary to PP 9645. (Defs.' Mot. to Dismiss at 18-19.) Defendants note that PP 9645 does not define "consular officer," but that the INA's definition would encompass consular management. (*Id.* at 19.) Specifically, 8 U.S.C. § 1101(a)(9) defines "consular officer" as: "any consular, diplomatic, or other officer or employee of the United States designated under regulations prescribed under authority contained in this chapter, for the purpose of issuing immigrant or nonimmigrant visas or . . . for the purpose of adjudicating nationality."

Plaintiffs do not respond to this argument in their opposition. Other courts, however, have dismissed similar usurpation claims by relying on § 1101(a)(9). *E.g.*, *Darchini*, 2019 WL 7195621, at *5; *Motaghedi*, 2020 WL 207155, at *14. At the hearing, Plaintiffs stated that there were non-government entities who were also required to concur in waiver decisions. Plaintiffs have not alleged such facts in the operative complaint, although the Court observes that at least one other court has found similar allegations to be sufficient to survive a motion to dismiss. *See Motaghedi v. Pompeo*, 19-cv-1466-LJO-SKO, 2020 WL 489198, at *13 (E.D. Cal. Jan. 30, 2020).

Accordingly, the Court dismisses this claim with leave to amend.

### C. Procedural Due Process

The Fifth Amendment provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "To bring a successful procedural due process claim, a plaintiff must point to (1) the deprivation of a constitutionally protected liberty or property interest, and (2) the denial of adequate procedural protections." *Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018) (internal quotation omitted).

The Court finds that Plaintiffs have failed to identify a protected liberty or property interest. As an initial matter, Plaintiffs fail to respond to Defendants' argument that Beneficiary Plaintiffs may not bring a due process claim under the Fifth Amendment. (*See* Defs.' Mot. to

7

Dismiss at 20.) At the hearing, Plaintiffs agreed that the law did not support their position.

In their opposition, Plaintiffs point generally to the "infringement of fundamental rights to property, to life, to family integrity and security, and to freedom from discrimination with respect to their fundamental rights." (Pls.' Opp'n at 23.) As the *Motaghedi* court found regarding this same argument, "Plaintiffs' allegations are too conclusory to state a plausible claim." *Motaghedi v. Pompeo*, 19-cv-1466-LJO-SKO, 2020 WL 489198, at *14 (E.D. Cal. Jan. 30, 2020).

Further, with respect to "family integrity and security," the Court observes that the Ninth Circuit has found that this right does not create "a fundamental right to reside in the United States simply because other members of his family are citizens or lawful permanent residents." *Moralez-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc); *see also Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018); *S.A. v. Trump*, 363 F. Supp. 3d 1048, 1091 (N.D. Cal. 2018) ("the Ninth Circuit [has] held that the general right to familial companionship cannot form the basis of a due-process claim for a plaintiff in the United States challenging a government decision not to admit non-citizen family members located outside the United States").

Likewise, to the extent Beneficiary Plaintiffs are relying on the right to show that Beneficiary Plaintiffs are eligible for visas, Plaintiffs cite no authority in support. (*See* Pls.' Opp'n at 22; Compl. ¶ 197.) Rather, it appears that Beneficiary Plaintiffs, "as . . . unadmitted and nonresident alien[s], ha[ve] no constitutional right of entry to this country as a nonimmigrant or otherwise." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); *see also Kerry v. Din*, 135 S. Ct. 2128, 2131 (2015) ("an unadmitted and nonresident alien . . . has no right of entry into the United States, and no cause of action to press in furtherance of his claim for admission").

Finally, Plaintiff invites the Court to consider "the extreme amount of money that Defendants' actions and inactions are costing Plaintiffs," but cites no authority in support that this would support a procedural due process claim. (Pls.' Opp'n at 23.)

Accordingly, the Court dismisses this claim with leave to amend as to Petitioner Plaintiffs. The Court dismisses this claim without leave to amend as to Beneficiary Plaintiffs, as Plaintiffs

8

conceded at the hearing that the law does not support Beneficiary Plaintiffs bringing a due process claim.

### D. Mandamus

The writ of mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Because the Court has found that Plaintiffs have not adequately alleged a claim, including identifying any actions that the agency must take, the mandamus claim must be dismissed as well. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004); *Dibdan v. Pompeo*, Case No. 19-cv-881 (CRC), 2020 WL 224517, at *7 (D.D.C. Jan. 15, 2020); *Darchini*, 2019 WL 7195621, at *6.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. The APA claim based on unreasonable delay and Beneficiary Petitioners' due process claims are DISMISSED with prejudice. The remaining claims are DISMISSED without prejudice. Plaintiffs may file an amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: March 5, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

9