UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONA NAJAFI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, et al.,<br><br>    Defendants. | Case No. 19-cv-05782-KAW<br><br>**ORDER VACATING PENDING DEADLINES AND HEARINGS; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 94 |

On January 21, 2021, the Court ordered the parties to file a joint status report addressing the effect of the revocation of Presidential Proclamation 9645 ("PP 9645") on this case. (Dkt. No. 91.) The Court also continued the hearing on Defendants' pending motion to dismiss to February 18, 2021. (*See* Dkt. No. 83.)

On February 4, 2021, the parties filed a joint status report. (Status Report, Dkt. No. 94.) Plaintiffs argued that, despite the revocation of PP 9645, "[t]he best metric to know whether a dispute remains as to Defendants' implementation of PP 9645 is whether or not Plaintiffs . . . have been issued visas." (*Id.* at 4.) Plaintiff suggested that the mootness exception for disputes capable of repetition, yet evading review applies because it was possible "that President Biden would repeat the unlawful usurpation of consular officer authority." (*Id.*) Specifically, Plaintiff pointed to President Biden's extension of Presidential Proclamations 10143 and 10014, which limit entry of immigrants in connection with the ongoing COVID-19 pandemic. (*Id.* at 4-5.)

On February 10, 2021, the parties filed a supplemental joint status report, stating that the Ninth Circuit had dismissed the appeal in *Kavoosian v. Blinken* for mootness given the revocation of PP 9645. (Supp. Status Report, Dkt. No. 95 at 2.) The Ninth Circuit explained that the operative complaint sought declaratory and injunctive relief regarding the enforcement of PP

1  9645, and that its revocation meant no active controversy existed.  (*Id.*)  Further, the Ninth Circuit found that Plaintiff's argument that the case was capable of repetition yet evading review was conclusory, with no evidence of a "reasonable expectation" that they would confront this controversy again.  (*Id.*)  Based on the revocation and the Ninth Circuit's ruling, Defendants argue that the case is moot and that the Court should dismiss the case.  (*Id.* at 3.)

The only remaining claim in this case is whether Defendants violated PP 9645's requirements by improperly designating the authority to approve waivers to non-consular officers.  (First Amend. Compl. ("FAC") ¶ 2, Dkt. No. 61.)  Whether Plaintiffs receive a visa is not necessarily determinative of this issue; indeed, previous Plaintiffs in this case have received visas in spite of the alleged usurpation of authority.  More significantly, there is nothing to suggest that a new presidential proclamation will be issued requiring consular officers to approve waivers, let alone a decision to then implement that proclamation by allowing non-consular officers to approve the waivers.  While Plaintiffs may point to PP 10143 and PP 10014, Plaintiffs do not suggest that these presidential proclamations affect whether PP 9645 improperly designated authority.  Rather, Plaintiffs appear to be arguing that even with the revocation of PP 9645, they are still unable to obtain a visa due to PP 10143 and 10014.  This lawsuit, however, does not challenge either of these proclamations.  Again, this lawsuit only challenges how PP 9645 was implemented; absent PP 9645, this case appears to be moot.

Given the revocation of PP 9645, the Court VACATES all pending deadlines, including the February 18, 2021 hearing on Defendants' pending motion to dismiss and the February 23, 2021 case management conference.  The Court ORDERS Plaintiff to show cause, within **two weeks** of the date of this order, why this case should not be dismissed as moot.  The Court will then either request responsive briefing from Defendants or issue an order on the mootness issue.

IT IS SO ORDERED.

Dated: February 11, 2021

KANDIS A. WESTMORE
United States Magistrate Judge

2